IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON EBO, | No. Civ. S-07-0763 RRB DAD |
| Plaintiff, | <u>Memorandum of Opinion<br>and Order</u> |
| v. | |
| MANITEX; INTERNATIONAL LINE BUILDERS, INC.; and Does 1 through 100, inclusive, | |
| Defendants. | |
| _____ | |
| INTERNATIONAL LINE BUILDERS, INC. and LIBERTY MUTUAL, | |
| Applicants in Intervention. | |
| _____/ | |

International Line Builders, Inc. and Liberty Mutual move to intervene as plaintiffs. Manitex, the only remaining named defendant, filed a statement of non-opposition. For the reasons below, the court GRANTS the motion.

Plaintiff Aaron Ebo suffered an accident on January 12, 2006 while operating a crane for International Line Builders.

1

At the time of the accident, Liberty Mutual insured International Line Builders. On January 19, 2007, Ebo sued Manitex, the manufacturer of the crane involved in the accident.[1] International Line Builders and Liberty Mutual now file this timely motion to intervene in Ebo's action.

Federal Rule of Civil Procedure 24(a)(2) allows intervention "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The court finds that the intervenors' motion satisfies these requirements. In cases "where the employee himself sues the third party tortfeasor, the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right." Dodge v. Mitsui Shintaku Ginko K.K. Tokyo, 528 F.2d 669, 674 (9th Cir. 1975). Under California law, both the employer, Cal. Lab. Code § 3853, and the insurer, id. § 3850(b), possess a right to

---

[1] Although Ebo originally sued both Manitex and International Line Builders, the parties later filed a joint stipulation voluntarily dismissing International Line Builders.

subrogation. Due to medical payments by International Line Builders and Liberty Mutual to Ebo, the intervenors have an interest in Ebo's recovery that may not be adequately represented by Ebo. The court finds that the intervenors have pursued their interest in the action in a timely manner and that their intervention would not prejudice the original parties. Therefore, the court GRANTS the motion.[2]

IT IS SO ORDERED.

ENTERED this 21st day of August, 2007.

                                        s/RALPH R. BEISTLINE
                                        United States District Judge

---

[2] The court finds that the intervenors are of diverse citizenship in relation to the original parties and each other. Therefore, granting the motion does not disturb the court's jurisdiction.